UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Elvira Taveras,

                Plaintiff,

         -against-

Commissioner of Social Security,

                Defendant.
-------------------------------------------------------------X

**ORDER**

22-CV-10825 (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2024

**KATHARINE H. PARKER, United States Magistrate Judge**.

      On February 17, 2024, the undersigned issued an Opinion and Order granting Plaintiff's motion for judgment on the pleadings and remanding the case for reconsideration by the Administrative Law Judge ("ALJ"). (ECF No. 24.) On March 19, 2024, the Plaintiff moved to alter or amend the Court's judgment, arguing that it was legal error to remand the case without instructions for payment of benefits. (ECF No. 26.) The parties have now filed a proposed joint stipulation and order which would vacate the prior opinion and order, and enter a judgment remanding the case for a fully favorable decision with payment of benefits to the Plaintiff. (ECF No. 32.)

      While the Court appreciates the parties' willingness to engage in settlement negotiations, the requested stipulation and order is deficient because it does not address the standards required to amend *or* vacate this Court's prior order. *See Shand v. Kijakazi*, 2023 WL 8379173, at *1 (S.D.N.Y. Dec. 4, 2023) ("Reconsideration is… an extraordinary remedy to be employed sparingly," and "the grounds for granting a motion to amend include the need to correct an error or to prevent manifest injustice."); *Am. Home Assur. Co. v. Kuehne & Nagel*

*(AG & CO.) KG*, 2010 WL 1946718, at *1 (S.D.N.Y. May 7, 2010) ("The burden is on the party or parties seeking vacatur to show that such relief is equitably justified by exceptional circumstances.")  Agreement of the parties, the only apparent justification for vacatur in the parties' submission, is relevant to the analysis, but is not sufficient.  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994) ("exceptional circumstances do not include the mere fact that [a] settlement agreement provides for vacatur.")  Further, the Commissioner's simultaneous opposition to the motion to amend and support of a motion to vacate with instructions for a full award of benefits, raises concerns that "an institutional litigant seeks to manipulate the growth of the law by settling out unfavorable rulings." *See Am. Home Assur. Co.*, 2010 WL 1946718 at *3 (quoting 13C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure. § 3533.10.2 at 597 (3d ed.2008)).

Therefore, the Court declines to endorse to the proposed stipulation and order at this time.  The deadline for the Commissioner to oppose the motion to amend shall be extended by one week, to **Thursday, May 9, 2024**.  In addition, the parties may file a joint letter by **May 9, 2024**, no longer than six pages, which addresses the standard for vacatur in support of their proposed order.

**SO ORDERED.**

Dated:  April 17, 2024
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge

2