USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELVIRA TAVERAS,

                        Plaintiff,

        — against —

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------X

**OPINION & ORDER
ON ATTORNEY'S FEES**

1:22-CV-10825 (KHP)

**THE HONORABLE KATHARINE H. PARKER, United States Magistrate Judge**

      Plaintiff Taveras filed this action on December 22, 2022 *pro se*. (Dkt. No. 1.) On April 17, 2023, counsel from the Law Office of Charles E. Binder and Harry, LLP made an appearance on behalf of Taveras. (Dkt. No. 19.) On May 30, 2023, Taveras moved for judgment on the pleadings and filed a memorandum of law in support. (Dkt. Nos. 17-18.) The Court issued an opinion and order granting Plaintiff's motion for remand on February 17, 2023. (Dkt. 24.) Judgment was entered on February 20, 2024 remanding the case. (Dkt. 25.) The parties then sought to alter or amend the Court's judgment on March 19, 2024. (Dkt. No. 26.) Ultimately, the parties filed a stipulation and proposed order remanding the case solely for purposes of calculation of benefits. The Court entered this order on May 2, 2024. (Dkt. 37-38.) On May 10, 2023, the parties then stipulated to fees in the amount of $9,250 under the Equal Access to Justice Act. (Dkt. 40-41.)

      Upon remand, the Commissioner awarded Taveras past-due benefits in the amount of $56,551 for the period December 2018 through April 2024. (Dkt. 42-1.) The Notice of Award is dated May 29, 2024. *Id.* On June 13, 2024, Taveras filed a request for attorney's fees in the

1

amount of $14,137.75, which is 25 percent of the back payment award, in accordance with 42 U.S.C. § 406(b). (Dkt. No. 41.) Taveras had previously agreed to pay a fee of 25 percent of any back payments obtained to his counsel in exchange for their services. (Affirmation of Charles E. Binder, Dkt. No. 42 & Exh. A.) The Commissioner filed a response on April 25, 2024, "neither support[ing] nor oppos[ing] counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Commissioner Response ("Comm'r Response") at 1, Dkt. No. 44.) However, the Commissioner requests that should the Court grant attorney's fees, it "decline to include language directing that the Commissioner 'pay' the award" and instead only "authorize" an award to Davis's counsel. *Id.* at 3.

## DISCUSSION

Section 406 of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.

42 U.S.C. § 406(b)(1)(A). Section 406 "calls for court review of such arrangements as an independent check" and "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *McCrann v. O'Malley*, No. 22-CV-4383 (JGK), 2024 WL 532288, at *1 (S.D.N.Y. Feb. 9, 2024) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Moreover, "[w]ithin the 25 percent boundary ... the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Id.* In assessing the reasonableness of a requested award, a court must take into consideration:

> whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *1 (S.D.N.Y. Dec. 26, 2017), (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by* 2018 WL 565720 (Jan. 24, 2018). In assessing the "windfall" factor in light of an award, courts consider:

> whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)). In the case that attorney's fees are awarded under both EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 789. "Notably, § 406(b)'s 25 percent cap applies only to fees awarded for federal court work and not the aggregate amount of fees under both § 406(a) and (b)." *Fabiani v. Kijakazi*, No. 21-CV-5453 (LJL) (JLC), 2023 WL 8582274, at *2 (S.D.N.Y. Nov. 21, 2023) (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019)), *adopted sub nom. Fabiani v. Saul*, 2023 WL 8566545 (Dec. 11, 2023).

The Second Circuit held in *Sinkler v. Berryhill* that motions for attorney's fees under § 406(b) are "subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) [of the Federal Rules of Civil Procedure] once a party receives notice of a benefits calculation following a sentence four remand judgment."  932 F.3d 83, 89 (2d Cir. 2019).  However, the Second Circuit also made clear that "district courts are empowered to enlarge that filing period where circumstances warrant," noting that Rule 54's "fourteen-day limitations period is not absolute." *Id.*

Here, the motion is timely because it was filed within 14 days after the Notice of Award, excluding the Memorial Day holiday.

The fee request is reasonable here, as counsel is seeking an award "equal to the 25 percent negotiated in the contingency fee agreement." *Fabiani*, 2023 WL 8582274, at *2 (citing *Wells*, 907 F.2d at 372).  Plaintiff's counsel has, as a result of their representation, achieved a favorable outcome for Taveras following a prior application denial and the denial of a previous request for administrative review. There is no indication that Taveras is unsatisfied by the services and representation provided his counsel nor any indication that they "unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase [their] own fee." *Nieves*, 2017 WL 6596613, at *1. There is also no evidence of "fraud or overreaching" in negotiating the fee agreement. *Wells*, 907 F.2d at 372.

In addition, the fee sought by Taveras' counsel hardly constitutes a "windfall." Counsel filed a detailed and specific memorandum of law in support of Taveras' motion for judgment on the pleadings, which led to a successful outcome on the motion and then negotiated a stipulation remand solely to calculate benefits. Taveras' counsel worked on this case for a

4

combined total of 38.7 hours and are requesting a total of $14,137.75. This would result in a reimbursement rate of $365.32 per billed hour. This rate is unquestionably within the reasonable range. *See, e.g.*, *McCrann*, 2024 WL 532288, at *2 (citing *Eric K. v. Berryhill*, No. 15-CV-845 (BKS), 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (awarding fees at an effective hourly rate of $1,500); *Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100)). In addition, Taveras' counsels' efforts were "particularly successful" in that they secured him a substantial back payment award in excess of $50,000. *See Cruz v. Saul*, No. 17-CV-3951 (GBD) (JLC), 2020 WL 3965345, at *3 (S.D.N.Y. July 14, 2020) (attorney's efforts were "particularly successful" when more than $25,000 was secured for claimant), *adopted by* 2020 WL 6491692 (Nov. 4, 2020). Accordingly, Davis's fee request is reasonable.

When awarded both EAJA and § 406(b) fees, as here, counsel shall return the lesser of the two fees back to the plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee[.]" (internal quotations and citations omitted)). Here, $9,250.00 was stipulated and awarded to Taveras' counsel under the Equal Access to Justice Act. Thus, Taveras's counsel should return this amount, the smaller of the two awards, to Taveras.

The Commissioner "requests that any section 406(b) award indicate the amount the Court authorizes for section 406(b) fees instead of directing the Commissioner to 'pay' a specific amount." Comm'r Response at 4. In so requesting, the Commissioner seeks to avoid

5

being ordered to pay a larger sum of fee money to plaintiff's counsel than he has withheld to do so. *Id.* "The Commissioner withheld 25 percent of the claimant's past-due benefits in this case." *Id.* at 3 n.5. Other courts have previously declined to grant an identical request by the Commissioner because the Social Security Administration had expressly stated that it had withheld the exact fee amount requested by plaintiff's counsel. *See Fabiani*, 2023 WL 8582274, at *4. Given that counsel "is seeking that exact amount in fees ... the 'unlikely event that the agency inadvertently did not withhold past due benefits' that concerned the Commissioner appears to have been avoided." *Id.* Accordingly, there appears to be no basis for the Court to grant the Commissioner's request, and he cites no authority in which a court has approved his proposed language. *See e.g.*, *id.* at *3 (rejecting same language); *Mehlrose v. Comm'r of Soc. Sec.*, No. 22-CV-3406 (WFK) (LGD), 2024 WL 698729, at *5 (E.D.N.Y. Feb. 15, 2024) (same), *adopted by* 2024 WL 990122 (Mar. 7, 2024).

## CONCLUSION

For the foregoing reasons, counsel's request for an award is granted. The SSA must pay counsel $14,137.75 out of the amount that it has withheld from Taveras' past-due benefits, and counsel shall, upon receipt of those attorney's fees under § 406(b), to pay their client the $9,250 they received pursuant to the Equal Access to Justice Act.

**SO ORDERED.**

DATED:   New York, New York  
           August 12, 2024

                                                                           KATHARINE H. PARKER  
                                                                         United States Magistrate Judge